UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURIAN LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>MARI GILLIS, et al.,<br><br>        Defendants. | Case No. 4:23-cv-03585-KAW<br><br>**ORDER GRANTING SECURIAN LIFE INSURANCE COMPANY'S MOTION FOR ENTRY OF JUDGMENT OF DISCHARGE IN INTERPLEADER AND AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. Nos. 41-2 |

On January 10, 2024, Plaintiff Securian Life Insurance Company filed a motion for entry of judgment of discharge in interpleader and award of attorneys' fees and costs. (Pl.'s Mot., Dkt. No. 41-2.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Plaintiff's motion for entry of judgment of discharge in interpleader and award of attorneys' fees and costs.

## I.   BACKGROUND

Securian Life Insurance Company ("Securian") issued group benefits to Providence St. Joseph Health as part of an employee welfare benefit plan. (First Am. Compl., "FAC," Dkt. No. 37 ¶ 10.) As of January 1, 2021, as part of his employment at Providence St. Joseph Health, Aubrey Thomas Gillis ("Decedent") applied for and became an insured under Provident St. Joseph Health policy number 70305 (the "Policy") for a total of $702,000.00 in life insurance benefits ("Death Benefit"). (First Am. Compl., "FAC," Dkt. No. 37 ¶ 10.) The Policy provides that Securian will pay the Death Benefit to the beneficiary named by the insured employee upon the employee's death. (Joint Rule 26 Report, Dkt. No. 26 at 2:18-19.)

On March 13, 2022, Decedent passed away. (FAC ¶ 11.) At the time of Decedent's death, Defendant Mari Gillis was the designated beneficiary under the Policy. (FAC ¶ 12.) Prior to his death, Decedent and Ms. Vu had a son, B.G., who is currently a minor. (FAC ¶ 12.)

Pursuant to the terms of Ms. Vu and Decedent's alleged child support agreement, Decedent was required to pay child support for B.G. for as long as B.G. was a minor and maintain a policy of life insurance on Decedent's life, in an amount no less than $500,000, for the use and benefit of B.G. for as long as Decedent had an obligation to pay child support. (FAC ¶ 14, Ex. B.) Additionally, at the time of Decedent's death, Decedent purportedly owed Ms. Vu child support arrears for use and benefit of B.G. in the amount of $85,671.66. (FAC ¶ 14.) Securian contends that the agreement was ambiguous as to whether Securian was the insurer for the $500,000.00 life insurance policy and the agreement has no mention if it is subject to the $85,671.66 child support arrears. (FAC ¶ 20.) Additionally, Ms. Vu claimed that she individually, is entitled to the $85,671.66 child support arrears from Decedent's retirement account at St. Joseph Health & Covenant Health Plan. (FAC ¶ 14.) Ms. Vu now claims that the child support arrears should be paid from the Policy funds. (FAC ¶ 18.) Moreover, Ms. Gillis, as the sole designated beneficiary, claims that she is entitled to the Death Benefit. (FAC ¶ 20.)

Since both Ms. Vu and Ms. Gillis filed claims against the Policy, Securian has received competing and adverse claims to the entirety of the Death Benefit, and it was unable to safely pay the Death Benefit without being exposed to double or multiple liability to Defendants. (FAC ¶¶ 15-17.) Consequently, on July 20, 2023, Securian commenced the instant action by filing the original complaint for interpleader relief pursuant to Federal Rule of Civil Procedure 22, 28 U.S.C. § 1331, and 28 U.S.C. §1332 against Ms. Gillis and Ms. Vu, as Guardian of the Estate of B.G., a minor. (Compl., Dkt. No. 1.) On November 13, 2023, Securian filed its First Amended Complaint for Interpleader Relief against the current defendants. (Dkt. No. 37.)

On August 21, 2023, the Court granted Securian's motion to deposit funds. (Dkt. No. 9.) On September 13, 2023, Securian deposited the death benefit with accrued interests in the amount of $712,424.22 into the Court's Registry. (Dkt. No. 17.)

On January 10, 2024, Securian filed the instant motion for entry of judgment of discharge.

2

1  (Pl.'s Mot., Dkt. No. 41.)  On January 23, 2024, Defendant Gillis filed a response. (Gillis Resp.,
2  Dkt. No. 43.)  On January 24, 2024, Defendant Vu filed a response individually and in her
3  capacity as guardian ad litem for B.G. (Vu Resp., Dkt. No. 44.)  On January 31, 2024, Securian
4  filed a reply. (Pl.'s Reply, Dkt. No. 45.)

5        On February 9, 2024, the Court issued an order requiring Securian to file a supplemental
6  declaration in support of its request for reasonable attorneys' fees. (Dkt. No. 47.)  On February 16,
7  2024, Securian filed the supplemental declaration. (Suppl. Decl. of Jodi K. Swick, "Suppl. Swick
8  Decl.," Dkt. No. 48.)

## II. LEGAL STANDARD

The requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. *See Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir. 2010).  Once the Court has made that determination, the federal interpleader statute presupposes that a disinterested plaintiff who deposits the entire disputed fund with the court may be completely discharged from the litigation, leaving the remaining claimants to resolve their dispute. *See* 28 U.S.C. § 2361 ("Such district court shall hear and determine the case, and may discharge the plaintiff from further liability....").

"Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir.1984).

## III. DISCUSSION

This is an interpleader action filed by Securian Life Insurance Company concerning competing claims to death benefits under a life insurance policy. The death benefit with accrued interest totals $712,424.22, and it has been deposited into the Court's Registry. (Interpleader Deposit, Dkt. No. 17.)

Now, Securian requests that the Court issue an order and judgment finding (1) that interpleader is proper, (2) discharging Securian from any further liability with respect to the Policy, the death benefits payable under the Policy, and/or the death of Decedent, (3) that Defendants are permanently enjoined from instituting or prosecuting any proceeding in any state or United States court against Securian, with respect to the Policy, the death benefits payable

1  under the Policy, and/or the death of Decedent, and (4) that Securian be awarded its reasonable

2  attorneys' fees and costs incurred in bringing this matter. (Pl.'s Mot. at 2.)

### A.     Discharge of Stakeholder in Interpleader Action

This is a procedurally proper interpleader action under 28 U.S.C. § 1335. Securian has received competing and adverse claims from the two named defendants for which each claim all or some of the death benefits, and deposited the policy proceeds into the Court Registry, such that Plaintiff no longer has an interest in the dispute or how the money is divided. *Am. Gen. Life Ins. Co. v. Hart*, No. 16-CV-03904-LB, 2017 WL 1370721, at *1 (N.D. Cal. Apr. 7, 2017); *see also Accordia Life & Annuity Co. v. Be Thi Nguyen*, No. 17-CV-05144-SVK, 2018 WL 4211767, at *2 (N.D. Cal. Aug. 9, 2018), report and recommendation adopted, No. 17-CV-05144-BLF, 2018 WL 5981845 (N.D. Cal. Nov. 14, 2018) (citing *Am. Gen. Life Ins. Co.*). Furthermore, no formal claims have been asserted against Securian. *See ids.*

Defendant Vu does not dispute that interpleader is proper. (*See, generally,* Vu Resp.) Defendant Gillis, however, takes umbrage with Securian's decision to file this interpleader action rather than pay out the death benefits to her as the sole beneficiary. (*See* Gillis Resp. at 3.) Defendant Gillis's preference to avoid litigation, however, does not render this interpleader action improper. To the extent that Gillis argues that Securian is not a disinterested party because it breached the life insurance contract with Decedent by filing this lawsuit, she does not provide any legal authority to support her position. (*See* Gillis Rep. at 3.) To the contrary, the very nature of an interpleader action such as this would necessarily contravene the beneficiary designation, but that does not render the insurance company an interested party. Indeed, there is no indication that Securian has an interest in how the money is divided, thereby rendering it a disinterested party. *See Am. Gen. Life Ins. Co.*, 2017 WL 1370721, at *1.

Thus, the Court finds this interpleader action to be proper and completely discharges Securian from this litigation, leaving the remaining claimants to resolve their dispute.

### B.     Request for Reasonable Attorneys' Fees and Costs

Next, Securian asks for an award of the reasonable attorneys' fees and costs incurred in bringing this action. (Pl.'s Mot. at 6.) Fees are usually ordered paid from the interpleaded fund.

4

*Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 195 (9th Cir. 1962).

Generally, "[t]he amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trustees of Directors Guild of America–Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000). The Ninth Circuit recognizes that the trial court has discretion to grant or deny fees based on the specific factors in each individual case. *San Rafael Compania Naviera, S.A. v. American Smelting & Refining Co.*, 327 F.2d 581, 587 (9th Cir.1964). Costs may also be awarded to the disinterested stakeholder. *Schirmer*, 306 F.2d at 194.

Attorneys' fees awards are limited to those fees that are incurred in filing the action and pursuing the plan's release from liability. *Schirmer*, 306 F.2d at 194. As such, recoverable fees and costs are appropriately limited to such tasks as "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." *Tise*, 234 F.3d at 426–27. An attorneys' fees award to a disinterested stakeholder is "typically modest." *Id.* at 427.

### i. Defendants' opposition

"The rationale for permitting the recovery of fees is that it would be inequitable to make the disinterested stakeholder bear the expense of guarding against vexatious and multiple litigation and the interpleader action benefits the claimants by facilitating an early determination regarding ownership of the claimed funds." *Allianz Life Ins. v. Agorio,* 852 F. Supp. 2d 1163, 1168 (N.D. Cal. 2012) (citing *Schirmer*, 306 F.2d at 193.) This must be weighed against the "important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Tise*, 234 F.3d at 427.

Both defendants oppose Securian's request for reasonable attorneys' fees and costs. Defendant Vu raises a single challenge in a declaration, stating that "Securian initially neglected to name me as an individual as a party to this action, causing me to incur additional fees." (Vu Resp. at 6.) In response, Securian explains that it originally commenced the action against Defendant Vu in her capacity as guardian of B.G.'s estate, because, at that point, she had not asserted any personal claim to the life insurance funds. (Reply at 3 (citing FAC ¶ 14).) Prior to the filing of the

5

complaint, Defendant Vu's claim was as guardian of B.G.'s estate, and she submitted her family court agreement from Alabama, which referenced B.G.'s entitlement to $500,000 in the life insurance proceeds. (Reply at 3 (citing Vu Resp., Ex. A.)  Securian was unaware of Defendant Vu's individual claim to child support arrears until after the original complaint was filed. (Reply at 3.)  As Securian points out, correspondence attached to Defendant's Vu's response confirms that she initially sought to recoup the arrears from Decedent's pension plan, rather than his life insurance policy. (Reply at 3 (citing Vu Resp., Ex. I).)  As a result, Defendant Vu did not clarify her individual claim until the case management conference. (Reply at 4.)  While the Court is sympathetic to Defendant Vu's position regarding the attorneys' fees that she has incurred, that does not make Securian's attorneys' fees inherently unreasonable under the circumstances.

Defendant Gillis's opposition to Securian's request is that, "[i]t is hard to understand how Securian's fees incurred litigating the same matter are 5x higher than GILLIS'." (Gillis Resp. at 2.)  Securian has performed much more substantive work in this matter than defense counsel, including filing multiple pleadings, and Defendant Gillis provides no legal authority to support her position that this merits a reduction.

With interest, the Policy proceeds total $712,424.22.  Thus, a reasonable fee award would "not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Tise*, 234 F.3d at 427.  Accordingly, the Court finds that an award of reasonable attorneys' fees is appropriate under the circumstances.

### ii. Reasonableness of Hourly Rates

Federal courts have adopted the lodestar method for calculating the amount of reasonable attorney's fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Allianz Life Ins.*, 852 F. Supp. 2d at 1168 (using lodestar in interpleader action).  The lodestar figure is the product of the hours counsel reasonably spent on the case and a reasonable hourly rate.  *Id.*  To determine whether Plaintiffs' claimed hours are reasonable, the Court must review an attorney's time records to determine whether the hours are adequately documented in a manner that can be properly billed directly to clients.  *Id.* at 434.

The fee applicant has the burden of producing satisfactory evidence that the requested rates

6

1  are in line with those prevailing in the community for similar services of attorneys of reasonably
2  comparable skill, experience, and reputation. *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct.
3  1541, 79 L.Ed.2d 891 (1984); *Hensley*, 461 U.S. at 433. Decisions by other courts regarding
4  reasonableness of the rate sought may provide evidence to support a finding of reasonableness.
5  *See Widrig v. Apfel*, 140 F.3d 1207, 1210 (9th Cir. 1998) (holding that rate based in part on the
6  rate awarded to same attorney in another case was reasonable).

7  Here, Securian has submitted supporting declaration from counsel and counsel's billing
8  records, which show that its attorneys billed 79.6 hours between June 26, 2023 and December 21,
9  2023. (Pl.'s Mot. at 8; Decl. of Hanqui Ian Liu, "Liu Decl.," Dkt. No. 41-1 ¶¶ 2-3; Suppl. Swick
10 Decl. ¶¶ 6-7; Billing Records, Swick Decl. ¶ 5, Ex. A.) Plaintiff seeks $25,122.50 in attorneys'
11 fees as follows:

| Name: | Hours | Rate | Total: |
|---|---|---|---|
| Jodi K. Swick | 15.7 | $371 | $5,824.7 |
| Hanqui Ian Liu | 63.9 | $302 | $19,297.80 |
|  | 79.6 |  | $25,122.50 |

*Ids.* Ms. Swick is a partner at McDowell Hetherington, and she has been a licensed attorney in California since 2003. (Suppl. Swick Decl. ¶ 2.) Her billing rate is $371 per hour. *Id.* Mr. Liu was admitted to the California Bar in 2021, and his billing rate for this matter is $302 per hour. (Suppl. Swick Decl. ¶ 3.)

Courts in this district have found rates in this range to be reasonable in similar cases. *See Accordia Life & Annuity Co. v. White*, No. 18-CV-00020-EMC, 2018 WL 5304828, at *2 (N.D. Cal. Oct. 24, 2018) (finding hourly rates ranging from $300 to $490 per hour reasonable); *see also Allianz Life*, 852 F. Supp. 2d at 1169 ($350 per hour reasonable based on prevailing rates). After reviewing the supporting declarations and considering the experience of counsel, the undersigned finds that the hourly rates are reasonable and consistent with prevailing market rates in the Northern District.

      **iii.  Reasonableness of Hours Incurred**

In order to assess whether the number of hours billed is reasonable, Plaintiffs must submit detailed records justifying the hours that have been expended. *Chalmers v. City of Los Angeles,*

7

796 F.2d 1205, 1210 (9th Cir. 1986).

Here, Plaintiff's counsel billed a total of 79.6 hours of attorney time from June 26, 2023 through December 21, 2023 related to the filing of the complaint through the instant motion. (Liu Decl. ¶¶ 2-3.) As discussed above, Securian incurred significantly more fees due to Defendant Vu's reversal in position regarding her individual claim for child support arrears. *See* discussion, *supra,* Part III.B.i. Even so, the Court finds that some of the time billed to be excessive, while the descriptive "narrative" for other entries is deficient. For example, Mr. Liu spent 0.3 hours drafting the civil cover sheet which consists of some check boxes, and 0.2 hours reviewing the initial case management scheduling order, which is a document automatically issued by the Clerk's Office setting initial case deadlines. (Billing Records at 2, 3.) Furthermore, several billing entries involve research related to the undersigned's prior orders and experience. (*See* Billing Records at 2, 3.) Those same entries contain redactions, so, while the Court can speculate as to what occurred, it cannot definitively determine whether the work performed were tasks typically recoverable on interpleader. *Id.* Other billing entries are so redacted that the Court cannot possibly ascertain their reasonableness. *See id.* at 2, 3.

As a result, the Court reduces the total amount of attorneys' fees by 10% or $2,512.25. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("the district court can impose a small reduction, no greater than 10 percent--a 'haircut'--based on its exercise of discretion and without a more specific explanation").

Accordingly, the Court awards Securian reasonable attorneys' fees in the amount of $22,610.25.

### iv. Costs

Plaintiff also seeks reimbursement of costs in the amount of $496.30. (*See* Pl.'s Mot. at 10; *see* Billing Records, Suppl. Swick Decl., Ex. A at 10.) Costs were incurred for court filing fees, copies, and delivery services. (Billing Records at 1.) Plaintiff's costs, however, contain two separate charges for the district court's filing fee in the amounts of $49.00 and $402.00. *Id.* The filing fee in this case, as reflected on the case docket, is $402.00. (Docket entry, Dkt. No. 1.) After removing the $49.00 fee, the Court finds that the balance reasonable and awards Plaintiff

8

$447.30 in costs.

### C. Injunction

Finally, Securian asks that the Court permanently enjoin Defendants from suing it in federal or state court in an action that makes a claim "with respect to the Policy, the death benefits payable under the Policy, and/or the death of Decedent." (Pl.'s Mot. at 2, 6.) This is a proper request. "Pursuant to 28 U.S.C. § 2361, the Court is empowered to discharge a plaintiff from further liability in any civil interpleader action." *Am. Gen. Life Ins. Co. v. Hart*, No. 16-CV-03904-LB, 2017 WL 1370721, at *2 (N.D. Cal. Apr. 7, 2017). An injunction, however, may extend only to claims to the interpleaded funds, which are the only things within the Court's interpleader jurisdiction. *Id.* Thus, the Court cannot properly enjoin all claims that relate to the Policy. *Id.* (citations omitted); *see also Accordia Life & Annuity Co. v. Be Thi Nguyen*, No. 17-CV-05144-SVK, 2018 WL 4211767, at *2 (N.D. Cal. Aug. 9, 2018), *report and recommendation adopted*, No. 17-CV-05144-BLF, 2018 WL 5981845 (N.D. Cal. Nov. 14, 2018).

Accordingly, the Court enjoins against any additional actions by any of the defendants against Plaintiff relating to the interpleaded funds.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff Securian Life Insurance Company's motion for entry of judgment of discharge in interpleader is GRANTED, and Plaintiff is awarded reasonable attorneys' fees in the amount of $22,610.25, and costs in the amount of $447.30. The total award of $23,057.55 shall be immediately paid from the interpleaded fund currently deposited with the Court registry. The Clerk of Court is ordered to make the check payable to Securian Life Insurance Company, and mail it to Securian's counsel of record, Jodi K. Swick, McDowell Hetherington LLP, 1999 Harrison Street, Suite 2050, Oakland, CA 94612.

The Court discharges Securian from this case. This discharge releases Securian from liability based upon its handling of the death benefit under the policy.

Finally, Defendants are permanently enjoined from suing Securian, in state or federal court, to the extent that such suit makes any claim against Securian for the policy's death benefit, or that otherwise "affect[s] the property ... involved in [this] interpleader action." *See* 28 U.S.C. §

9

1    2361.  Defendants may not file any such suit without first obtaining an order from this court. *Id.*

2    IT IS SO ORDERED.

3    Dated: March 20, 2024

4    _____
     KANDIS A. WESTMORE
5    United States Magistrate Judge